PER CURIAM.
The Petitioner, a resident alien, is being held in custody pursuant to a writ of ne exeat, entered pursuant to Florida Statutes sections 61.11 and 68.02, and seeks a writ of habeas corpus. The ne exeat writ arises out of the petitioner’s failure to comply with orders for the payment of support in a dissolution action. The trial court set bond at $400,000. In a five hour hearing, the trial court found that the petitioner is well able to post the bond. We have not been furnished with a transcript of this hearing.
Petitioner first argues that the writ is defective because it fails to state that it was issued pursuant to a verified complaint. However, the record before us shows that the wife did file a renewed sworn motion for emergency relief and gave testimony under oath at the hearing on this motion.
Next, petitioner argues that the writ is defective for its failure to set forth the penalty and conditions of the bond, with the surety to be approved by the clerk. Petitioner cites no authority in support of his claim that this makes the writ defective. The writ does provide a condition stating that bond be posted acceptable to the court “conditioned on his appearing personally before this court on a date to be set by subsequent order.” Although the writ does not contain the precise language set forth in Form 1.917 of the Florida Rules of Civil Procedure, the variation cannot be said to render the writ defective. Further, a writ of ne exeat may not be attacked collaterally in a habeas corpus proceeding if merely irregular or defective in form, but only if shown to be void in its underlying basis. Bronk v. State, 43 Fla. 461, 31 So. 248 (Fla.1901).
Petitioner contends that the writ fails to set forth definite terms, length of time of incarceration, and fails to provide for hearing in 24 hours. These are also procedural and form challenges which are inappropriate for collateral attack by habe-as petition. Furthermore, the court did conduct a hearing which included the testimony of the parties. Thus, any defect in the form of the writ appears to have been cured by the fact that a hearing was held with petitioner present.
*1081 Petitioner claims that the writ calling for $400,000 bond is unconscionable, unrelated to the evidence, and beyond his means. We do not have an adequate record on which to review petitioner’s challenges as to the amount of bond. Petitioner had the burden to show that the amount of the writ was without evidentiary basis. He has not met that burden; he did not file a transcript of the hearing or show any other evidence to support his claim. We therefore deny his challenge without prejudice to his right to file a motion for reduction of bond in the circuit court.
The petitioner has failed to show that he is entitled to a writ of habeas corpus and release from incarceration on the writ of ne exeat. The petition is denied.
ANSTEAD, GUNTHER and STONE, JJ., concur.